Ilia Charov, Adversary Plaintiff *in proper person*
1708 Cordoba Lane
Las Vegas, NV 89108
Telephone: (702) 467-6972

RECEIVED AND FILED

2015 AUG 12 PM 3 01

U.S. BANKRUPTCY COURT
A. SCHOTT, CLERK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| Ilia Charov, <br> *and* <br><br> RICK A. YARNALL *as Trustee Bank,* <br><br> Plaintiffs, <br><br> v. <br><br> "Bank of New York Mellon, f/k/a Bank of New York, as Trustee Bank, on behalf of the registered holders of Alternative Loan Trust 2006-OC2, Mortgage Pass-Through Certificates Series 2006-OC2," and Select Portfolio Servicing, Inc., <br><br> Defendants | Case No.: 15-13297-mkn <br> Chapter 13 <br><br> "Adversary Proceeding #: 15-01107-mkn" <br><br><br> PLAINTIFF'S FIRST OBJECTIONS TO PROOF OF CLAIM – FRBP 3007 <br><br> *Requested: no oral argument* |
|---|---|

    I recently received a copy of the "PROOF OF CLAIM" from Defendant "Select Portfolio Servicing, Inc.," it seems on behalf of Defendant "Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2006-OC2, Mortgage Pass-Through Certificates Series 2006-OC2." Pursuant to FRBP 3007(b) I object to it within this adversary proceeding.

    *FIRST*, I continue to question Defendants' standing to proceed. Here I remind the court I timely objected to the Appearance by "Bank of New York Mellon, f/k/a Bank of New York, as Trustee" (hereafter "Trustee Bank").[1] My Objection

---

1 Docket ##7 (appearance by Trustee Bank *only* – SPS *has not yet appeared*), 10

Page 1 - FIRST OBJECTIONS TO PROOF OF CLAIM

pointed out what this court should have seen then acted upon on its own – Trustee Bnk failed to admit or deny my Complaint's allegation this proceeding is non-core, and had failed to file and serve the required corporate disclosure statement. To date I have received nothing further from Trustee Bank indicating either complying, or any intentions of complying with, those threshold requirements.

    *SECOND*, Trustee Bank may lack standing to be *either* a creditor or party in interest here.

    The Bankruptcy Code itself is where this court's analysis properly begins. § 501 of the Code provides that "[a] creditor or an indenture trustee may file a proof of claim."[2] In order to file a proof of claim, a party must therefore be a "creditor." The Bankruptcy Code defines a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor."[3] In turn, a "claim" is defined as "a right to payment, whether or not such right is . . . fixed [or] contingent . . . disputed [or] undisputed . . . legal [or] equitable."[4] The Supreme Court has held that a "right to payment" is "nothing more nor less than an enforceable obligation."[5] Whether or not a right to payment exists in a bankruptcy case is generally determined by state law.[6] The threshold question before this court then is whether or not Trustee Bank has an actual, enforceable obligation under Nevada law.[7] I submit it does not.

---

2  *See* 11 U.S.C.A. § 501(a). Once filed, a claim is presumptively allowed *unless* a party in interest (in this case, me) objects to the claim. *See* 11 U.S.C.A. § 502(a). Thus, for purposes of determining whether or not Trustee Bank may qualify as a creditor, *if I did not object to its claim*, the Bankruptcy Code presumes Trustee Bank would successfully prove its claim

3  11 U.S.C.A. § 101(10)(A)

4  11 U.S.C.A. § 101(5)(A)

5  *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991)

6  *Butner v. United States*, 440 U.S. 48, 55 (1979)

7  *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (a "threshold inquiry" is one that "in no way depends on the merits" of the case)

Page 2 - FIRST OBJECTIONS TO PROOF OF CLAIM

Although this Defendant has presented itself as a trust with capacity to sue or be sued here, it is well-settled, at least in this district, a trust is *not* a separate legal entity that can either sue or be sued.

In *Jaden Investment Trust v. JP Morgan Chase Bank, NA*, Case no. 2:13-cv-02153-RCJ-NJK (D.Nev. 3/24/2014), this court said:

"...a trust is not a separate legal entity that can sue or be sued:

> A trust is not a legal entity. A trust is not an entity distinct from its Trustee Banks and capable of legal action on its own behalf, but merely a fiduciary relationship with respect to property. A trust is not a legal "person" which can own property or enter into contracts, rather, a trust is a relationship having certain characteristics.

76 Am. Jur. 2d Trusts § 3 (2005)..."

*IN CONCLUSION*, it's worth noting I see nothing in the Proof of Claim at issue here where Trustee Bank claimed to be my Note's actual, bona fide holder.[8] Not only are the copies redacted, Trustee Bank made no effort to authenticate them. If Trustee Bank wished its evidence of ownership/Note Holder/standing to have any credibility with this court it should first provide an actual, authenticated, front and back copy of the Note for examination, with the requirement to produce the original at an evidentiary hearing set for the purpose of adversarial challenges. In the least the court should require all copies of the Note and Trust Deed to be properly authenticated as required by with Rule 901, Federal Rules of Evidence.

As I have stated before, my intention for this proceeding is to require Defendants to prove exactly who they are and their bona fides regarding my Note and the Deed of Trust. Additionally, it's clear until Trustee Bank complies with the

---

8  Nevada law defines what a holder is in NRS 104.1201(2)(u)(1) as "The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"

Page 3 - FIRST OBJECTIONS TO PROOF OF CLAIM

requirements shown by previous Objection, it is remains not yet properly before the court, and should not be allowed to proceed without first complying with those requirements.

I reserve the right to amend, addend or otherwise supplement this Objection if I believe it to be needed. I also rely on the applicable standards of FRBP 1001, 7008 (incorporates FRCP 8(e)), and substantive due process, including Constitutionally-adequate notice.

Submitted with all rights reserved on August 10th, 2015

*Ilia Charov, Adversary Plaintiff in proper person*

*A true copy was mailed to Defendant and Trustee Bank*

Page 4 - FIRST OBJECTIONS TO PROOF OF CLAIM